IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-15-277 |
| BABATUNDE POPOOLA, | * | |
| Defendant. | * | |

**MEMORANDUM**

Babatunde Popoola is serving a 144-month sentence in federal prison for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.      Background**

Between January 2011 and May 2015, Popoola and his co-defendants participated in a scheme to defraud elderly victims who were identified on dating and social networking websites. ECF 1. The defendants used false stories to manufacture romantic relationships, made promises, and through the sham relationships, convinced the victims to deliver over $2 million to members of the conspiracy. *Id.*; *United States v. Oloyede*, 933 F.3d 302, 306–07 (4th Cir. 2019).

On November 21, 2016, following a 17-day trial, a jury found Popoola guilty of Counts One, Two, and Six of the Indictment, which charged him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. ECF 363. On March 20, 2017, Popoola was sentenced to 120 months' imprisonment on Counts One and Two, to run concurrently, and a consecutive term of 24 months' imprisonment on Count Six, for a total term of 144 months' imprisonment, followed by three years of supervised release. ECF 553.

On February 6, 2023, Popoola filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because he has been rehabilitated. ECF 1053. He states that he has completed classes at the prison and through remote learning and has not had any infractions or disciplinary proceedings. *Id.* at 1. He also asserts that he should have been in a federal prison camp or low security prison within 500 miles of his home, and he asks to be moved from the medium security prison in Louisiana where he is incarcerated more than 500 miles from home. *Id.* at 2–3. On May 1, 2023, he filed a second motion to reduce his sentence, arguing he has sleep apnea and there is no air conditioning in the prison. ECF 1075. He states he has served more than 60% of his sentence. *Id.* at 2. The Federal Public Defender declined representation. ECF 1078.

Because Popoola has not shown extraordinary and compelling reasons for a sentence reduction, his motions for compassionate release are denied.

## II. Discussion

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

### A. Extraordinary and Compelling Reasons

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the

defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Popoola argues his rehabilitation, sleep apnea, and the lack of air conditioning in the prison are extraordinary and compelling reasons for a reduction in sentence. They are not. Popoola does

not assert—let alone provide any evidence—that the Bureau of Prisons cannot provide the necessary treatment for his sleep apnea or that his life is threatened because of his condition. Popoola's health condition does not warrant a reduction in his sentence. His participation in prison programs and possible rehabilitation are not extraordinary or compelling reasons for compassionate release. *See* U.S.S.G. § 1B1.13(d) (providing "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement"). As for the location and security level of the prison where Popoola is incarcerated, these are matters in the discretion of BOP. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (vacating district court order for Wetzel to be transferred to a lower-security prison because "decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts").

Popoola has not shown an extraordinary and compelling reason for compassionate release.

**B.  Section 3553(a) Factors**

Even if Popoola had identified extraordinary and compelling reasons for a sentence reduction, the Court would have to consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Popoola's crime was extremely serious. The magnitude of the fraud—over $2 million—and the vulnerability of the elderly victims require significant incarceration to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. These factors weigh against a sentence reduction. The Court denies Popoola's motion for compassionate release.

### III. Conclusion

Because Popoola has not shown extraordinary and compelling reasons for a sentence reduction, his motions for compassionate release are denied.

April 15, 2025
Date

_____
Deborah L. Boardman
United States District Judge